UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>         Plaintiff,<br><br>v.<br><br>JASON M. ADLER; ODESSA R. JORGENSEN; and JANE DOES,<br><br>         Defendants. | Case No.: 17cv387-AJB-JLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 8(a)** |

This matter comes before the Court on Defendant Jason Adler's ("Defendant Adler") motion to dismiss Plaintiff Gavin Davis's ("Plaintiff") Complaint. (Doc. No. 3.) Plaintiff opposes the motion. (Doc. No. 8.) Having reviewed the parties' arguments and controlling legal authority and pursuant to Civil Local Rule 7.1.d.1., the Court finds the matter suitable for decision on the papers and without oral argument. Accordingly, the motion hearing date set for April 27, 2017, is vacated. For the reasons set forth more fully below, the Court **GRANTS** Defendant Adler's motion to dismiss.

## **BACKGROUND**

The following facts are taken from the Complaint and construed as true for the limited purpose of resolving the pending motion. *See Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994).

1

On February 27, 2017, Plaintiff, proceeding *pro se*, filed a Complaint against Defendants Jason Adler, Odessa Jorgensen, and Jane Doe Defendants (collectively referred to as "Defendants"). (Doc. No. 1.) Plaintiff asserts several causes of action that stem from several different events. (*See generally id.*)

One of the events occurred in March of 2015, when Plaintiff requested that Defendant Adler stop using his name as a character in Defendant Adler's "script."[1] (*Id.* ¶ 33.) Plaintiff states that Defendant Adler creates "mixed media." (*Id.* ¶ 2.) Plaintiff's Complaint also points to an incident where Defendant Adler allegedly provided false and misleading information to the authorities including the San Diego District Attorney, and San Diego Police Department, which resulted in Plaintiff being illegally detained. (*Id.* ¶ 36.) On October 5, 2016, Plaintiff alleges that he was subjugated to a pre-trial detention where he was held without bail for approximately sixty minutes. (*Id.* ¶ 37.) On October 20, 2016, Plaintiff contends that he was assaulted at the San Diego central jail. (*Id.*)

In addition, Plaintiff claims that Defendant Adler developed, maintained, and intended to commercialize a hate crime website on Facebook titled "I am a Fan of Gavin Davis R.I.P." (*Id.* ¶ 5.) Plaintiff alleges that this website is an illegal trespass on his information, that he has been regularly harassed, and that Defendant Adler is attempting to profit from collecting information about him and posting it to this website. (*Id.* ¶ 7.)

In sum, the Court finds that Plaintiff's Complaint alleges a litany of violations including cyberstalking, violation of his Fourth Amendment rights, harassment, and copyright violations. (*See generally*, Doc. No. 1.) Plaintiff requests damages for medical expenses, lost earnings and profits, loss of earning capacity, and exemplary damage if sought. (*Id.* at 25.)

On March 21, 2017, Defendant Adler, proceeding *pro se*, filed the present motion, his motion to dismiss. (Doc. No. 3.) Plaintiff opposed the motion on March 30, 2017, and

---

[1] Plaintiff provides no further information as to what this script was for, and provides no background as to how Plaintiff was assisting Defendant in this matter. (Doc. No. 1 ¶ 33.)

Defendant Adler replied on April 13, 2017. (Doc. Nos. 8, 13.)

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.,* 88 F.3d 780, 783 (9th Cir. 1996) (citations omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.,* 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983).

**DISCUSSION**

Defendant Adler argues that Plaintiff's Complaint should be dismissed as it fails to comply with Federal Rule of Civil Procedure 8. (Doc. No. 3 at 5.)[2] Plaintiff retorts and claims that Defendant Adler does not address any of his allegations contained in the Complaint and instead attack's Plaintiff's character. (Doc. No. 8 at 6.)

The Complaint before the Court consists of twenty-eight pages of allegations mixed

---

[2] Pinpoint Cites are in reference to the CM/ECF page number and not the number listed on the original document.

with law, with portions of the Complaint referring to prior alleged fraudulent deceit by Defendant Adler, as well as six pages devoted to detailing the U.S. Federal Anti-Cyber-Stalking law. (*See generally* Doc. No. 1.) From a practical viewpoint, after an analysis of the Complaint, it is impossible for the Court to designate the cause or causes of action attempted to be alleged, or the events leading up to Plaintiff instituting this action.

Rule 8[3] states that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). As currently pled, Plaintiff's Complaint fails to present a succinct and straightforward statement alleging the wrongdoings of each Defendant. Thus, the Court finds dismissal pursuant to Rule 8 appropriate. *See e.g., McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that was confusing and conclusory); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (holding that Rule 8(a) is violated when a complaint is excessively "verbose, confusing and almost entirely conclusory"); *Zinzuwadia v. Mortg. Elec. Reg. Sys., Inc.*, No. 2:12-cv-02281-KJM-KJN PS, 2012 WL 6737837, at *7 (E.D. Cal. Dec. 28, 2012) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges.").

Furthermore, Plaintiff's Complaint impermissibly groups all of the Defendants together without distinguishing between the alleged conduct of each Defendant. This type of group pleading fails to put the opposing party on notice of the wrong they allegedly committed so that they can adequately defend themselves. Fed. R. Civ. P. 8; *see McHenry*, 84 F.3d at 1180 ("Something labeled a complaint but . . . without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *see also Adobe Sys. Inc. v. Blue Source Grp., Inc.*, No. 14-CV-

---

[3] All future references to Rule in this Order refer to the Federal Rules of Civil Procedure.

4

02147-LHK, 2015 WL 5118509, at *10 (N.D. Cal. Aug. 31, 2015) ("As a general rule, when a pleading fails 'to allege what role each Defendant played in the harm,' this 'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations.'") (citation omitted).

The Court notes that it appreciates that Plaintiff is proceeding *pro se*, and that the Court must liberally construe his pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106–07 (1976). However, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("*[P]ro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record."); *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000) ("[A] pro se litigant is not excused for knowing the most basic pleading requirements.").

For all these reasons, the Court **DISMISSES** Plaintiff's Complaint pursuant to Rule 8(a). As Plaintiff has not previously amended his Complaint, the Court will allow him leave to amend. *See Eminence Capital, LLC, v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (noting that "leave shall be freely given when justice so requires" and that this policy is to be "applied with extreme liberality.").

However, if Plaintiff wishes to amend his Complaint, the Court advises that he sufficiently plead each of his claims and refrain from alleging causes of action that have no legal basis in this Court. For example, Plaintiff argues that Defendant Adler violated his Fourth Amendment rights. (Doc. No. 1. ¶ 5.) However, the Court notes that "[t]he Fourth Amendment's prohibition against unreasonable searches and seizures does not apply to searches by private citizens, even if the private citizens act unlawfully . . . ." *People v. Wilkinson*, 163 Cal. App. 4th 1554, 1564 (2008). Moreover, Plaintiff alleges violations of 17 U.S.C. §§ 102(a), 105, and 106(1). (Doc. No. 1. ¶¶ 17-19.) However, these statutes deal

5

17cv387-AJB-JLB

with copyright law and Plaintiff has not pled any facts pertaining to a copyrighted work, or literary, musical, or dramatic works to which he has exclusive rights too. Accordingly, if Plaintiff so chooses to amend, he should only plead allegations to which the Court may grant him proper relief.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant Adler's motion to dismiss. Plaintiff may file an amended complaint within **twenty-one (21) days** from the date of this Order. Failure to cure the deficiencies noted herein may result in dismissal without further opportunity to amend. While the Court has granted Plaintiff leave to amend some of his claims, that does not entitle Plaintiff to plead entirely new causes of action. Thus, Plaintiff must limit his amendment to curing the pleading deficiencies in this Complaint.

**IT IS SO ORDERED**.

Dated: April 26, 2017

Hon. Anthony J. Battaglia
United States District Judge