Jason M. Adler, *pro se*
8411 Kirkwood Dr.
Los Angeles, CA 90046
203-524-4561

FILED

JUL 0 5 2017

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY M/L          DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>               Plaintiff,<br><br>v.<br><br>JASON M. ADLER; ODESSA R. JORGENSEN; JANE DOES,<br><br>               Defendants. | Case No. 17-cv-387-AJB-JLB<br><br>**DEFENDANT JASON M. ADLER'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**<br><br>**Hearing Date: August 17, 2017**<br>**Time: 2 pm**<br>**Courtroom: 4A**<br>**Honorable Anthony J. Battaglia** |

On May 30, 2017, this Court denied Plaintiff's request for an extension of time to file an opposition to my motion to dismiss his First Amended Complaint ("FAC"). Days later, the Court dismissed the FAC without prejudice, granting Plaintiff an opportunity to file a Second Amended Complaint ("SAC"). Plaintiff has not filed an SAC. Instead, he moves under Fed. R. Civ. P. 60 for leave to file an opposition to my prior, already granted, motion to dismiss the FAC. This peculiar request should be denied.[1]

For starters, Plaintiff's motion serves no purpose. The Court has already dismissed the FAC as a result of its failure to comply with Fed. R. Civ. P. 8. While I am confident that re-pleading cannot save Plaintiff's factually baseless claims, the only way the complaint could be fixed is by an amendment, and Plaintiff has already been authorized to amend. What could the opposition brief accomplish that the SAC cannot? Plaintiff has not been prejudiced, but the course he proposes would be prejudicial to all because it would waste everyone's time by having to go backwards and add several needless steps.

In addition, Plaintiff's failure to file an opposition brief was not the product of excusable neglect. I can accept, at least for the sake of argument, that Plaintiff was unable to file a brief while he was in jail. But he was in jail only because he failed to appear in two California state court criminal matters in which he is a defendant. Plaintiff's absence prompted the judge in those cases to issue a bench warrant on April 17, 2017, and, rather than submit, Plaintiff became a fugitive and challenged the warrant in a new lawsuit filed in this court against the state court judge. *See Davis v. Fraser*, 17-cv-708 (S.D. Cal., filed April 7, 2017), Dkt. No. 16 at 1.[2] Plaintiff was later apprehended

---

[1] While I am representing myself *pro se*, I consulted an attorney in preparing this opposition.

[2] This is one of four cases Plaintiff filed in this court after filing claims against me. *See also Davis v. San Diego District Attorney et al.*, 17-cv-654 (S.D. Cal., filed March 31, 2017); *Davis v. Federal Bureau of Investigation et al.*, 17-cv-701 (S.D. Cal., filed April 6, 2017); *Davis v. Fraser*, 17-cv-1164 (S.D. Cal., filed June 8, 2017).

in Vermont. In short, Plaintiff knowingly created his predicament and should face the consequences of his actions, least of all missing a filing deadline.

Finally, the opposition brief that Plaintiff hopes to submit clarifies only that he has no claim to assert against me. In its June 2, 2017 Order, this Court read Plaintiff's claims to "all concern the creation and posting of a third party website titled 'I am a Fan of Gavin Davis R.I.P.'" Dkt. No. 20 at 2. Plaintiff's proposed opposition brief, however, seems to have little to do with this website or anything that exists at all. Rather, the primary claim is that I "intend" to commercialize Plaintiff or his likeness and that I should be compelled to "disclose with specificity [my] intentions in commercialization of the Plaintiff." Opp. Br. at 8. This assertion is based not on facts—there are none—but on paranoia. To be perfectly clear, I have never used, nor do ever I intend to use, Plaintiff's likeness or character in any of my projects. Plaintiff also has not identified any injury resulting from the unmanifested intentions that he speculates me to secretly harbor. *See Whitemore v. Arkansas*, 495 U.S. 150, 155, 158 (1990) (To have standing, the plaintiff must allege a "concrete" injury that is "distinct and palpable" and, for these purposes, "[a]llegations of possible future injury" do not suffice); *see also Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'").

It also bears emphasizing that I have never been involved in the creation or operation of any website involving Plaintiff whatsoever. I have located a Facebook page titled "I am a fan of Gavin Davis R.I.P." This page, which I had no knowledge of prior to this lawsuit, memorializes the death of a *different* Gavin Davis who I have never met. The page has nothing to do with the Gavin Davis who is the Plaintiff in this case, and I had nothing to do with the page's creation. Plaintiff cannot in good faith rest legal claims on a website that has absolutely nothing to do with him or me. And if Plaintiff intends to assert claims based on this or any other website, he should be required to specify in the SAC, at a minimum, the address for the website, how it relates to and injures him, and

how I was involved in its development. Plaintiff cannot legitimately plead these facts because there is no such website.

DATED: July 3, 2017

[signature]

Jason M. Adler, *pro se*
8411 Kirkwood Dr.
Los Angeles, CA 90046
203-524-4561

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>        Plaintiff,<br><br>v.<br><br>JASON M. ADLER; ODESSA R. JORGENSEN; JANE DOES,<br><br>        Defendants. | Case No. 17-cv-387-AJB-JLB<br><br>**AFFIDAVIT OF SERVICE**<br>**PERSON SERVED: Gavin B. Davis**<br>**DATE SERVED: July 3, 2017** |

  I, Jason M. Adler, certify under penalty of perjury that on July 3rd, I caused Defendant Jason M. Adler's Opposition to Plaintiff's Motion for Relief From Judgment to be served on Plaintiff Gavin B. Davis by placing a true and correct copy of the document in envelopes, with the postage fully prepaid, for the addresses named below, and depositing such envelopes in the U.S. Mail:

Gavin B. Davis
Guest
1117 Williston Rd
South Burlington, VT 05403

Gavin B. Davis
720 4th Avenue #234
San Diego, CA 92101

DATED: July 3, 2017

                  _____
                  Jason M. Adler, *pro se*
                  8411 Kirkwood Dr.
                  Los Angeles, CA 90046
                  203-524-4561