1   GAVIN B. DAVIS
    600 B Street, Suite 300
2   San Diego, CA, 92101
    gbdproper@mail.com
3   (T) 858.876.4346

4   GAVIN B. DAVIS, PRO PER

5

RECEIVED IN
INTAKE

JUL 1 **FILED**

Jul 17 2017

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY      s/ annettec      DEPUTY

6               UNITED STATES DISTRICT COURT

7         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

NUNC PRO TUNC
Jul 14 2017

8

9   GAVIN B. DAVIS,                    )  Case No.: 17-CV-00387-AJB-JLB
                                       )
10          Plaintiff,                 )  Davis v. Adler et. al.
                                       )
11      vs.                            )  **AMENDED COMPLAINT**
                                       )
12  JASON M. ADLER;                    )  POINTS AND AUTHORITIES
                                       )
13          Defendant;                 )  REQUEST FOR RELIEF
                                       )
14                                     )
                                       )  DATE: Not applicable
15                                     )  TIME: Not applicable
                                       )  DEPT: 3B, Hon. Anthony J. Battaglia
16                                     )
                                       )
17                                     )

18  _____

19

20

21

22

23

24

25

26

27

28

**POINTS AND AUTHORITIES**

**CASE LAW**

*Del E. Webb Corp. v. Structural Materials,* 123 Cal.App.3d 593, 604, (1981);

*Committee on Children's Television, Inc. v. General Foods Corp.,* 35 Cal.3d 197, 213-4, (1983);

*Angie M. v. Superior Court,* 37 Cal.App.4th 1217, 1227, (1995);

**U.S. CONSTITUTION, STATUES, RULES AND REGULATIONS**

U.S. Constitution, Fourth Amendment

15 U.S.C. § 1125

17 U.S.C. § 107

Federal Rule 9

Federal Rule 11

Lanham Act, Section 43

**CALIFORNIA STATUTES**

Cal. Const. Art. I, § 1, California rights to Privacy;

**OTHER**

Donaldson, Michael C., and Callif, Lisa A.; Clearance & Copyright: Everything You Need to Know for FILM and TELEVISION; (4th Ed. 2014);

Melville B. Nimmer, Nimmer on Copyright  8.11, 8.20 [A], at 8-137 (1996);

**POINTS AND AUTHORITIES INCORPORATED BY REFERENCE**

The Table of Points and Authorities from the First Amended Complaint (Doc. 16), pages 2 to 5), is hereby incorporated as if included herein.

**TABLE OF CONTENTS**

A.   PARTIES

B.   INTRODUCTION, FEDERAL RULE 8 STATEMENT

C.   JURSIDICTION

D.   VENUE

E.   CONDITIONS PRECEDENT

F.   STATEMENT OF FACTS

G.   ARUGMENT IN SUPPORT OF CLAIMS

H.   DAMAGES

I.   ATTORNEY FEES & COSTS

J.   REQUEST FOR RELIEF

K.   CERTIFICATION AND CLOSING

## A.  PARTIES

1.   **Plaintiff, Mr. Gavin B. Davis** (the "Plaintiff" or "Mr. Davis"), is an individual that is a citizen of the State of California. He holds a Bachelor of Science degree from Cornell University; has completed approximately $4 billion of complex corporate finance and real estate transactions; is a published author; is an industry speaker, including before such law firms as DLA Piper, and is represented Pro Per given liquidity issues of a marital dissolution.

2.   **Defendant, Mr. Jason M. Adler** ("Defendant Jason"), is an individual that is a citizen of the State of California.  Defendant Jason is directly or indirectly attempting to make mixed media currently, or in the future, on the Plaintiff, against express objections, legal Notices to Cease and Desist, legal rights, including but not limited to Intellectual Property, and otherwise, and whether in collaboration with any of future Jane Doe Defendants, or potential other parties.  Defendant Jason may be served with process via 8411 Kirkwood Drive, Los Angeles, California 90046.

3.   Prior Defendant, Ms. Odessa R. Jorgensen ("Ms. Odessa"), for simplicity, is removed from this case, without prejudice to the Plaintiff's ability to add such party, again, via Fed. R. Civ. P. 22 Interpleader Action, via Compulsory Joinder, or in separate litigation, at the Plaintiff's unilateral choice, as the case may be.

**B.    INTRODUCTION, FEDERAL RULE 8 STATEMENT**

4.    Defendant Jason, directly or indirectly through one or more Affiliates[1], is alleged to be actively working on Development of mixed media (the "Project"), which given the initial stage of the film or television production process, is somewhat nebulous in explicit description, herein, given such Project's fluidity in design, for example, select elements at such stage of the overall production process include but are not limited to: (a) underlying themes or messages; (b) identification, and separately, solicitations of various stakeholders in the Project (e.g. writers, producers, actors, concept artists, casting director(s) or agencies, composers, sound designers, investors, etc.); (c) scriptment, work-in-process manuscript, or similar, inclusive of re-writing and/or modifications; and (d) other related activities that may be described in more detail at a future date.   In doing so, the Plaintiff alleges that Defendant Jason or Affiliates are actively utilizing privacy protected information of the Plaintiff's in violation of several federal and state statutes including but not limited to 15 U.S. Code § 1125 (false designations of origin, false descriptions, and dilution forbidden, regarding protected information of or about the Plaintiff, or his likeness, and seeking to commercialize such); and (b) 17 U.S.C. § 107 (violating fair use restrictions on the Plaintiff, a private non-public party)

5.    The Plaintiff alleges that Defendant Jason or Affiliates are intending to, or have utilized the Plaintiff, or his likeness, in an episodic

---

[1] "Affiliates" of Defendant Jason is intended to encompass, any legal entities through which he formally conducts business regarding the nature of the claims, initially, presented herein, and in this litigation, to include but not be limited to respective directors, officers, shareholders, managers, members, agents, employees, shareholders, affiliates and representatives, or other stakeholders (e.g. employees, independent contractors, or parties entering into business relationships with such Affiliates that may have one or more forms of liability (e.g. contributory liability)).

(e.g. a series) capacity in nearly each and every episode of whatever mixed media they are in Development on for commercialization purposes.

6.    The Plaintiff has sought each of a Preliminary and Permanent Injunction against Defendant Jason and/or his Affiliates from utilizing his information in any capacity, and whereby an early Injunction is highly preferred (i.e. the Plaintiff highly values his privacy) by the Plaintiff over future monetary forms of retribution should such Development lead to commercialization of the Plaintiff or his likeness in any capacity.

7.    The Plaintiff holds that any use of his information or his likeness, without his consent, and separately against his informal and formal objections violates any and all protections potentially afforded to a national brand, or celebrity (e.g. parody), under initial interest confusion precedent case law, and other violations of Intellectual Property as further described herein, and currently or intended to be violated by Defendant Jason or affiliates of.  Given the early stage of the production process (i.e. Development) coupled with the purposeful Deceit (i.e. not being forthright with the Plaintiff, or the Court, regarding their intentions) by Defendant Jason and/or Affiliates, it is reasonably difficult to describe with specificity exactly how and where the Plaintiff's intellectual property is being violated – the point is to stop such before the Defendant has the opportunity to benefit from such against the law.  Clearly Fed. R. Civ. P. 26 required legal Disclosures, and each of good faith and legal requirements of Defendant Jason, will allow this litigation to be more formally developed, out of court, pre-trial.

8.    Even if the Plaintiff's claims seem unlikely or improbable, the facts must be accepted as true for reliance purposes or purposes of ruling on

1  an action or Motion[2].  Furthermore, the Plaintiff's ability to prove the

2  allegations is also irrelevant.[3] Additional facts may be implied or inferred

3  from those facts expressly set forth in such filing, action or Motion, and

4  construed in the larger context of a case, where in this case, such facts,

5  allegations and arguments are significantly complex.

6

7  **C.    JURISDICTION**

8       9.    Jurisdiction, Section C, pages 9 to 12, paragraphs 10 to 16, from

9  the First Amended Complaint (Doc. 16, filed April 27, 2017), is hereby

10 incorporated as if included herein.

11

12 **D.    VENUE**

13      10.   Venue, Section D, page 12, paragraph 17, from the First Amended

14 Complaint (Doc. 16, filed April 27, 2017), is hereby incorporated as if

15 included herein.

16

17 **E.    CONDITIONS PRECEDENT**

18      11.   Conditions Precedent, Section E, pages 12 to 13, paragraphs 18 to

19 19, from the First Amended Complaint (Doc. 16, filed April 27, 2017), is

20 hereby incorporated as if included herein.

21 **F.    STATEMENT OF FACTS**

22      12.   Statement of Facts, Section F, pages 13 to 14, paragraphs 20 to

23 23, from the First Amended Complaint (Doc. 16, filed April 27, 2017), is

24 hereby incorporated as if included herein.

25

26

27 _____

28 [2] *Del E. Webb Corp. v. Structural Materials*, 123 Cal.App.3d 593, 604, (1981)
   [3] *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 213-4, (1983)

1   litigation, evidencing Deceit, Fraudulent Deceit and Deceit in such capacity,

2   while also making many ad hominen character attacks on the Plaintiff.

3        18.   The Plaintiff reserves and requests, "liberty" in permitting

4   amendment and a fair opportunity to correct any defect, where one has not

5   been given[4], if not granted.

7   **J.   CERTIFICATION AND CLOSING**

8        19.   Under Federal Rule of Civil Procedure 11, by signing below, I

9   certify to the best of my knowledge, information, and belief that this

10  Amended Complaint: (a) is not being presented for an improper purpose, such

11  as to harass, cause unnecessary delay, or needlessly increase the cost of

12  litigation; (b) is supported by existing law or by a non-frivolous argument

13  for extending, modifying, or reversing existing law; (c) the factual

14  contentions have evidentiary support or, if specifically so identified, will

15  likely have evidentiary support after a reasonable opportunity for further

16  investigation or discovery; and (d) the complaint otherwise complies with the

17  requirements of Rule 11.

19  DATED: July 14, 2017

22                                      /s/ Gavin B. Davis

23                                      GAVIN B. DAVIS, Pro Per

---

[4] *Angie M. v. Superior Court*, 37 Cal.App.4th 1217, 1227, (1995)

## CERTIFICATE OF SERVICE

GAVIN B. DAVIS,

      Plaintiff,

   vs.

JASON M. ADLER;

      Defendant.

17-CV-00387-AJB-JLB

I certify that a copy of the:

## AMENDED COMPLAINT

Filed on JULY 14, 2017, and any attachments was served, by mail, on the person listed below.

Defendant
**MR. JASON M. ADLER**
8411 Kirkwood Drive
Los Angeles, California 90046
Tel:
Fax:
Email: