GAVIN B. DAVIS
600 B Street, Suite 300
San Diego, CA, 92101
gbdproper@mail.com
(T) 858.876.4346

GAVIN B. DAVIS, PRO PER

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS, | Case No.: 17-CV-00387-AJB-JLB |
| Plaintiff, | Davis v. Adler et. al. |
| vs. | **REPLY TO DEFENDANT'S RESP. TO FRCP 60 MOTION** |
| JASON M. ADLER; | POINTS AND AUTHORTITIES |
| Defendant; | |
| | DATE: August 17, 2017 |
| | TIME: 2:00 p.m. |
| | DEPT: 4A, Hon. Anthony J. Battaglia |

FILED JUL 18 2017
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY

# POINTS AND AUTHORITIES

**CASE LAW**

*Jenkins v. McKeithen,* 395 U.S. 411, 421 (1959);

*Picking v. Pennsylvania R. Co.,* 151 Fed 2nd 240 (1945);

*Pucket v. Cox,* 456 2nd 233 (1972);

*Angie M. v. Superior Court,* 37 Cal.App.4th 1217, 1227, (1995)

*Whitemore v. Arkansas,* 495 U.S. 150, 155, 158 (1990);

*Texas v. United States,* 523 U.S. 296, 300 (1998);

*United States v. Texas,* 579 U.S. ___ (2016);

**U.S. CONSTITUTION, STATUES, RULES AND REGULATIONS**

15 U.S.C. § 1125

17 U.S.C. § 107

Federal Rule 8

Federal Rule 11

Federal Rule 60

**A.   INTRODUCTION**

1. Plaintiff is Mr. Gavin B. Davis. Defendant is Mr. Jason M. Adler.

2. Plaintiff sued Defendant Jason for actively utilizing privacy protected information of the Plaintiff's in violation of several federal and state statutes including but not limited to 15 U.S. Code § 1125 (false designations of origin, false descriptions, and dilution forbidden, regarding protected information of or about the Plaintiff, or his likeness, and seeking to commercialize such); and (b) 17 U.S.C. § 107 (violating fair use restrictions on the Plaintiff, a private non-public party). Further, given the initial stage of the film or television production process, the Plaintiff notes that Defendant Jason's Project is somewhat nebulous in explicit description, given such Project's fluidity in design, at such preliminary stage of media development process.

3. The Court rendered judgment (Doc. 20) in favor of Defendant Jason on June 2, 2017, granting the Defendant's Motion to Dismiss (Doc. 17), while allowing the Plaintiff leave to file an amended complaint.

4. Plaintiff filed a Fed. R. Civ. P. 60 Motion for Relief (Doc. 32) from the Order (Doc. 20), for good cause, requesting the ability to file an Opposition (Reply) to Defendant Jason's Motion to Dismiss (Doc. 17) the First Amended Complaint ("FAC", Doc. 16) on June 28, 2017.

5. The Court set a Briefing Schedule on June 30, 2017, requiring a Response from the Defendant by July 12, 2017, and the Plaintiff's Reply, thereafter, by July 19, 2017.

6. On July 5, 2017, Defendant Jason filed a Response (Doc. 36) to the FRCP 60 Motion (Doc. 32).

7. On July 14, 2017, Plaintiff filed a Second Amended Complaint ("SAC", Doc. 38) given the forty-five day deadline set by the Court in Order

No.: 20, without prejudice to the FRCP 60 and the ability to amend in the future).

8. On July 18, 2017, the Plaintiff files this Reply to Defendant Jason's Response (Doc. 36) to the FRCP 60 Motion (Doc. 32).

**B. ARGUMENT**

9. Defendant Jason's Response (Doc. 36) is confusing and off-topic, reaching for several collateral estoppels in the process. The Plaintiff breaks-down the relevant items necessary for the Court's consideration of the FRCP 60 Motion, a priori, and for posterity, has a secondary section, intending to answer and block Defendant Jason's feeble attempts at collateral estoppels, in part, but not whole.

<u>FRCP 60 Relevant Items for Reply</u>

10. Defendant Jason contends that Plaintiff has not filed a Second Amended Complaint ("SAC"), moving under Fed. R. Civ. P. 60, and requesting that such "peculiar" request should be denied. The Plaintiff filed a SAC on July 14, 2017 (Doc. 38), seeking to direct the Court to FRCP 8 compliant statement(s) or facts that are to be deemed FRCP 8 compliant.

11. Defendant Jason contends that the Plaintiff's FRCP 60 Motion serves "no purpose," and indicates that the Court has already dismissed the First Amended Complaint ("FAC") as a result of a its failure to comply with FRCP 8.

12. To wit, the purpose of the FRCP 60 Motion by the Plaintiff was to preserve the liberal opportunity to amend the Complaint, or amended complaints and pleadings in this litigation, and not have to move directly to a SAC. Pro se (or pro per) pleadings are to be considered without regard to

technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers.[1]

13. Defendant Jason questions, "what could the Opposition [to the Defendant's Motion accomplish that the SAC cannot?" To wit, the two are very different: (a) the FRCP 60 Motion moves to have the court focus on how the FAC, itself, is indeed FRCP 8 complaint, the Plaintiff had no opportunity to Oppose the Defendant's statements, they were taken at face value as valid, which, itself, is highly prejudicial to the Plaintiff; and (b) the Plaintiff so moves with the FRCP 60 Motion, antecedent to the filing of his SAC (Doc. 38), in order to expressly preserve the opportunity to Amend[2], if and as needed, especially as a self-litigant.

Non-FRCP 60 Comments Made by Defendant Jason in his Response

14. Defendant continues to make ad hominen character attacks on the Plaintiff by reciting for the court, incorrectly and in brevity outside federal litigation matters before the U.S.D.C. S.D. Cal., while making assertions about matters of which he has no express knowledge of. The Plaintiff need not, herein, address such matters, and waste judicial resources in such capacity.

15. Defendant Jason states that he has never used, nor ever intends to use, the Plaintiff's likeness or character in any of his projects. The Plaintiff holds this to: (a) extend to any of Jason's Affiliates, as defined in the SAC; and (b) not subject to revision, in any uncertain capacity (i.e. it is a definitive statement, able to be legally relied upon, of past and

---

[1] *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1959); *Picking v. Pennsylvania R. Co.*, 151 Fed 2nd 240 (1945); *Pucket v. Cox*, 456 2nd 233 (1972)
[2] Self-litigants are to be granted "liberty" in permitting amendment and a fair opportunity to correct any defect, where one has not been given. See *Angie M. v. Superior Court*, 37 Cal.App.4th 1217, 1227, (1995)

future intent on the part of Defendant Jason as it relates to the Plaintiff, and/or his likeness, or other information about him).

16. However, the Plaintiff also contends that Defendant Jason does have a hidden agenda to utilize the Plaintiff in some capacity, which he evades, or is not fully developed. The Plaintiff cites as circumstantial evidence the notion that Defendant Jason includes citations of:

(a) *Whitemore v. Arkansas* (1990)[3], "to have standing, the plaintiff must allege a "concrete" injury that is "distinct and palpable" and, for these purposes, "[a]llegations of possible future injury" do not suffice;" as well as

(b) *Texas v. United States* (1998)[4], "a claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all."

and holds each of such inclusion and discussion around such as highly circumspect. For example, what do these items have to do with the issue at hand, that being the FRCP 60 Motion (rhetorical, they are off-topic). Defendant Jason purposefully moves off-topic, intending to establish a collateral estoppel(s) for future reliance. For posterity, though in part, as this is not the appropriate forum to argue such points, the Plaintiff, briefly notes, that

(i) as it relates to *Whitmore*, in part, such case law concerns federal standing under Article III of the U.S. Constitution; the Plaintiff, has claimed and argued other federal standing in the FAC, and separately, now SAC, subject to response; Further, *Whitmore*, is not appropriate to apply to early Development mixed media (e.g. television, virtual reality/gaming, film, etc.), privacy and Intellectual Property rights, including but not limited to

---
[3] *Whitemore v. Arkansas*, 495 U.S. 150, 155, 158 (1990)
[4] *Texas v. United States*, 523 U.S. 296, 300 (1998)

publicity rights and rights of likeness, as discussed in each of the FAC and SAC;

(ii) Under *Texas v. United States* (1998), the reason that the court found that such litigation was not fit for adjudication on, "contingent future events that may occur as anticipated, or indeed not at all," was due to each of: (a) the considerable speculation to reach the argument presented, finding it not ripe; and (b) the substantial remedies available to Texas prior to the relief sought in the litigation. In this case, by comparison, the notion of Defendant Jason, someone regularly employed, himself, and his family, in media production, is far less speculative; and the relief sought by the Plaintiff in the FAC and SAC, injunctive, far more specific, without other available remedy such a those found in *Texas v. United States* (1998), as antecedent actions available for remedy in such litigation. Oddly a much more apt, less speculative, comparison for a party seeking injunctive relief, is *United States v. Texas* (2016)[5], which allows a preliminary injunction for a party asserting a violation of an opposing party's rights.

17. Defendant Jason goes on with a discussion regarding the Facebook "portal," "I am a fan of Gavin Davis R.I.P.," noting that this page memorializes the death of a different Gavin Davis; and, separately, "has nothing to do with the Gavin Davis who is the Plaintiff in this case." Once again, Defendant Jason, reaches for a collateral estoppel, by adding, "Plaintiff cannot in good faith rest legal claims on a website that has absolutely nothing to do with him or me," and, "if Plaintiff intends to assert claims based on this or any other website, he should be required to specify in the SAC, at a minimum, the address for the website, how it relates

---

[5] *United States v. Texas*, 579 U.S. ___ (2016)

to and injures him, and how [Defendant Jason] was involved in its development."

    (a) It is not necessary, herein, to specify, the exact website address(es). The Plaintiff contends that one or more exist, and that he is purposefully being kept "in the dark" regarding such online Cyberstalking;

    (b) With respect to the Facebook portal, "I am a Fan of Gavin Davis R.I.P.," the Plaintiff contends that the initial page his of the Plaintiff's name and likeness and acts as a portal to other virtual reality gaming style violations of his intellectual property and privacy.

    (c) This forum, is not the appropriate forum, for Defendant Jason to plead to the court for the Plaintiff to provide additional specificity regarding each of websites, injuries and his involvement in such development.

## C. CONCLUSION

18. Defendant Jason does not address, materially, the Plaintiff's FRCP 60 Motion.

19. The Plaintiff has provided good cause for requesting the ability to file an Opposition to Defendant Jason's Motion to Dismiss the FAC in his FRCP 60 Motion; however, given that the Plaintiff has now had to file a SAC in order to comply with the Court's timing deadline as set in Order 20, not unduly penalizing the Plaintiff in seeking, again, future amendments to this litigation would be just by the Court (i.e. such is the end result in filing the FRCP 60 Motion, that being to preserve liberty in amending one or more complaints in this litigation, especially as a self-litigant).

20. Defendant Jason's other points are off-topic and not suitable for the Court's consideration in relation to the FRCP 60 Motion.

**D.     CERTIFICATION AND CLOSING**

21.     Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this filing: (a) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (b) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (c) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (d) the complaint otherwise complies with the requirements of Rule 11.

DATED: July 18, 2017

/s/ Gavin B. Davis

GAVIN B. DAVIS, Pro Per

# CERTIFICATE OF SERVICE

GAVIN B. DAVIS,

    Plaintiff,

vs.

JASON M. ADLER;

    Defendant.

17-CV-00387-AJB-JLB

I certify that a copy of the:

**REPLY TO DEFENDANT'S RESP. TO FRCP 60 MOTION**

Filed on JULY 17, 2017, and any attachments was served, by mail, on the person listed below.

<u>Defendant</u>
**MR. JASON M. ADLER**
8411 Kirkwood Drive
Los Angeles, California 90046
Tel:    203.524.4561
Fax:
Email:    jasonmadler@gmail.com