UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>        Plaintiff,<br><br>v.<br><br>JASON M. ADLER; ODESSA R. JORGENSEN; and JANE DOES,<br><br>        Defendants. | Case No.: 17-cv-387-AJB-JLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Currently pending before the Court is Defendant Jason Adler's ("Defendant Adler") motion to dismiss Plaintiff Gavin Davis's ("Plaintiff") second amended complaint. (Doc. No. 41.) Plaintiff opposes the motion. (Doc. No. 43.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for decision on the papers and without oral argument. Accordingly, the motion hearing date set for October 12, 2017, in Courtroom 4A at 2:00 p.m. is **VACATED**. For the reasons explained more fully below, the Court **GRANTS** Defendant Adler's motion to dismiss.

## BACKGROUND

A. Plaintiff's Original Complaint

On February 27, 2017, Plaintiff, proceeding *pro se*, filed his initial complaint against Defendants Jason M. Adler, Odessa R. Jorgensen, and Jane Does (collectively referred to

as "Defendants"). (Doc. No. 1.) From what the Court could decipher, Plaintiff alleged that Defendants had illegally trespassed on his information by cyber-stalking him, created a hate crime website in his likeness, infringed on his reasonable expectation of privacy, and made references to fraud and virtual property law. (*Id*. ¶¶ 5, 6, 8, 33, 55.) Additionally, the majority of Plaintiff's complaint was filled with references to statutes, definitions of legal terms, and identifies different professors, authors, and the O.J Simpson trial to support his contentions. (*Id*. ¶¶ 41–51.)

On March 21, 2017, Defendant Adler filed a motion to dismiss, (Doc. No. 3), which the Court granted on April 26, 2017, (Doc. No. 15). The Court stated that "[f]rom a practical viewpoint . . . it is impossible for the Court to designate the cause or causes of action attempted to be alleged, or the events leading up to Plaintiff instituting this action." (*Id*. at 4.) Moreover, the Court found dismissal based on a failure to adhere to Federal Rule of Civil Procedure 8 proper.[1] (*Id*.) Furthermore, the Court cautioned Plaintiff against grouping all of the Defendants together without distinguishing between the alleged conduct of each individual Defendant. (*Id*.) Based upon the foregoing, the Court dismissed Plaintiff's complaint with leave to amend. (*Id*. at 5–6.)

B.     Plaintiff's First Amended Complaint

The day after his complaint was dismissed, Plaintiff filed his first amended complaint ("FAC"). (Doc. No. 16.) The Court then set a briefing schedule that stated that Plaintiff's opposition was due May 25, 2017, and Defendant Adler's reply brief was due on June 8, 2017. (Doc. No. 18.) Subsequently, Plaintiff failed to file his opposition by said date, but instead requested ex parte, an extension of time to file his opposition on May 30, 2017, which the Court denied.[2] (Doc. No. 19.)

---

[1] Federal Rule of Civil Procedure 8 states that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

[2] Plaintiff's ex parte request was emailed to Judge Battaglia's E-File through his father. (Doc. No. 19 at 1.)

On June 2, 2017, the Court again dismissed Plaintiff's operative complaint finding that it suffered from many of the same defects as his previously-filed complaint. (Doc. No. 20.) Specifically, the Court found that Plaintiff had again failed to comply with Rule 8 and found the FAC replete with fragmented discussions that failed to plead sufficient facts to state a claim on which relief could be granted. (*Id.* at 4.) Moreover, the Court highlighted for Plaintiff's benefit that his copyright protection claims were puzzling as he failed to illustrate what "work" he possessed that was copyrighted and how it was being allegedly violated. (*Id.* at 5.) Consequently, despite construing Plaintiff's pleading liberally, the Court again found dismissal appropriate. (*Id.*) However, noting Plaintiff's pro se status, the Court again granted Plaintiff leave to amend. (*Id.* at 6.)

C.    Plaintiff's Subsequent Filings

Shortly thereafter, Plaintiff filed a motion for leave to electronically file documents, (Doc. No. 22), which was denied on June 15, 2017, (Doc. No. 24). This motion was sent to Plaintiff at his listed address, however, it was returned as undeliverable. (Doc. No. 25.) In total, the Court tried to mail Plaintiff various court documents on five different occasions, but each time the mail was returned. (Doc. Nos. 25, 26, 27, 28, 30.)

Plaintiff then filed a motion for relief from judgment on June 28, 2017. (Doc. No. 32.) Specifically, Plaintiff requested that his late-filed reply[3] brief to Defendant Adler's motion to dismiss the FAC be accepted, and to re-calendar the briefing schedule. (*Id.* at 6.) Defendant filed an opposition to the motion. (Doc. No. 36.) Plaintiff then filed his second amended complaint ("SAC")[4], and a reply to support his motion for relief. (Doc. Nos. 38, 40.) Based on the filing of his SAC, the Court found Plaintiff's motion for relief from judgment moot. (Doc. No. 39.) Defendant Adler then filed the present motion, his motion to dismiss the SAC on July 26, 2017. (Doc. No. 41.) The motion was fully briefed on

---

[3] The Court believes that Plaintiff meant to request that his opposition to the motion to dismiss be accepted.

[4] Plaintiff's SAC is missing the eighth page. (*See generally* Doc. No. 38.)

3

17-cv-387-AJB-JLB

August 21, 2017. (Doc. No. 44.)

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.,* 88 F.3d 780, 783 (9th Cir. 1996) (citation and internal quotation marks omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.,* 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged . . . ." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983).

## DISCUSSION

Defendant Adler contends that Plaintiff has again failed to follow the Court's instructions by filing a SAC that fails to adhere to Rule 8. (Doc. No. 41-1 at 2.) In response, Plaintiff takes several different stances in opposition including that his complaint includes facts that can be reasonably inferred, that Defendant has fair notice of the claim, and that Defendant Adler has made a character attack on Plaintiff. (Doc. No. 43-1 at 4.)

The Court first notes that it appreciates that Plaintiff has attempted to follow the Court's previous instructions in composing his SAC. Nevertheless, despite his efforts, the

Court finds that the operative complaint still fails to plead a claim on which relief may be provided.

Presently, Plaintiff's SAC states that Defendant Adler is directly or indirectly working on a mixed media project that allegedly is utilizing Plaintiff's protected information in violation of 15 U.S.C. § 1125. (Doc. No. 38 ¶ 4.) However, Plaintiff asserts that due to the project's "fluidity in design" he is unable to properly plead the details surrounding the project, nor the specific actions of Defendant Adler that has resulted in the alleged illegal commercialization of Plaintiff's likeness. (*Id.*) Plaintiff's failure to provide any general allegations regarding his causes of action is a common theme throughout his SAC. For instance, in asserting violations of his intellectual property, all Plaintiff can allege is that "[g]iven the early stage of the production process . . . it is reasonably difficult to describe with specificity exactly how and where the Plaintiff's intellectual property is being violated . . . ." (*Id.* ¶ 7.)

First, the Court notes that even applying the liberal pleading standard under Rule 8, Plaintiff's SAC is still deficient. The Court highlights that the Rule 8 standard does not require "detailed factual allegations," but "naked assertion[s] devoid" of any factual enhancement do not suffice. *Ashcroft*, 556 U.S. at 678 (citation and internal quotation marks omitted). Presently, at this juncture, Plaintiff's claims are still visibly unsupported by even a minutia of contentions. Moreover, Plaintiff's inability to provide details surrounding his causes of action as a whole fails to demonstrate the proper standing to be in this Court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 555 (1992) (holding that a plaintiff has standing when he can demonstrate that he has suffered an injury in fact, *i.e.*, "a concrete and particularized, actual or imminent invasion of a legally protected interest").

Moreover, Plaintiff has again resorted to contending that Defendant Adler has violated 15 U.S.C. § 1125. (Doc. No. 38 at 5.) However, 15 U.S.C. § 1125 relates to a trade dress infringement claim. "Trade dress refers generally to the total image, design, and appearance of a product and may include features such as size, shape, color, color combinations, texture or graphics." *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d

1252, 1257 (9th Cir. 2001) (citation and internal quotation marks omitted). Thus, as an example, a proper trade dress infringement claim would involve a restaurant appropriating another establishments' eating atmosphere, interior dining and patio areas, and decorations. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 765 (1992). Unfortunately for Plaintiff, his SAC is devoid of any allegations surrounding a product whose features have been appropriated by Defendants or Defendant Adler and his contention that his likeness is being commercialized is not an appropriate trade dress claim under the law.

Next, the Court expounds that Plaintiff's SAC is also lacking in that it asks the Court to incorporate pages thirteen and fourteen, and paragraphs twenty to twenty-three of his FAC without actually pleading these allegations in his SAC. (Doc. No. 38 ¶ 12.) However, the Court notes that "[g]enerally, after an amended pleading has been filed, courts will disregard the original pleading." *Larson v. USH of Rancho Springs, Inc.*, 230 Cal. App. 4th 336, 434 (2014) (citation and internal quotation marks omitted). Thus, Plaintiff's request that the Court look at allegations present in his FAC is an unsuitable method of pleading.

Consequently, despite liberally construing Plaintiff's complaint, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court finds that Plaintiff's SAC has again failed to plead a claim upon which relief may be granted. Accordingly, the Court **GRANTS** Defendant Adler's motion to dismiss Plaintiff's SAC. *See Ramirez v. Exec. Branch of U.S.*, No. CV 12-2851 JSL (SS), 2012 WL 3710612, *5 (C.D. Cal. July 6, 2012) ("Courts have also routinely exercised discretion to dismiss complaints without leave to amend relatively early in the litigation where, as here, the allegations are patently "incoherent and delusional").

As Plaintiff has been granted leave to amend previously to no avail, and based on the fact that Plaintiff's amended complaints continue to repeat the same errors, the Court finds it appropriate at this point in time to **DISMISS** Plaintiff's complaint **WITHOUT LEAVE TO AMEND**. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that the grant or denial of a motion to amend is committed to the discretion of the district court); *see also*

*Vaillette v. Fireman's Fund Ins. Co.*, 18 Cal. App. 4th 680, 685 (1993) (holding that leave to amend should not be granted where in all probability, amendment would be futile).

## CONCLUSION

As set forth more fully above, the Court **GRANTS** Defendant Adler's motion to dismiss and **DISMISSES** Plaintiff's second amended complaint **WITHOUT LEAVE TO AMEND**. The Clerk of Court is directed to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: September 12, 2017

Hon. Anthony J. Battaglia
United States District Judge