UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GAVIN B. DAVIS,

Plaintiff,

v.

JASON M. ADLER; ODESSA R. JORGENSEN; and JANE DOES,

Defendants.

Case No.: 17-cv-387-AJB-JLB

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60**

(Doc. No. 49)

The current matter before the Court is Plaintiff Gavin B. Davis's ("Plaintiff") motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. (Doc. No. 49.) Defendant Jason M. Adler ("Defendant") opposes the motion. (Doc. No. 51.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for determination on the papers and thus the motion hearing set for January 11, 2018, is **VACATED**. As will be explained more thoroughly below, the Court **DENIES** Plaintiff's motion for relief from judgment.

## BACKGROUND

The crux of Plaintiff's complaint is that Defendants are "currently or in the future" in the process of "directly or indirectly" making a mixed media project using Plaintiff's likeness and personal information. (Doc. No. 38 ¶¶ 2, 4.) Plaintiff filed his initial complaint on February 27, 2017. (Doc. No. 1.) Shortly thereafter, on March 21, 2017, Defendant filed

a motion to dismiss, (Doc. No. 3), which the Court granted with leave to amend on April 26, 2017, (Doc. No. 15). Ultimately, the Court dismissed the complaint for failure to comply with Rule 8's short and plain statement requirement.[1] (*Id.* at 4–6.)

The next day, Plaintiff filed his first amended complaint ("FAC"). (Doc. No. 16.) On May 9, 2017, Defendant filed his second motion to dismiss. (Doc. No. 17.) The briefing schedule set by the Court stated that Plaintiff was to file an opposition by May 25, 2017, and Defendant's reply was due June 8, 2017. (Doc. No. 18.) On May 29, and 30, 2017, Plaintiff's father emailed the Court to inform it that Plaintiff was currently incarcerated and thus unable to meet the deadlines set forth in the briefing schedule. (Doc. No. 19 at 1.) Thus, Plaintiff's father requested a 30-day extension of time for Plaintiff to file his opposition. (*Id.*) On May 30, 2017, the Court denied Plaintiff's request. (*Id.*) Thereafter, on June 2, 2017, the Court granted Defendant's motion to dismiss Plaintiff's FAC with leave to amend again citing Rule 8. (*See generally* Doc. No. 20.)

On June 28, 2017, Plaintiff filed a motion for relief from the Court's order dismissing his FAC. (Doc. No. 32.) Thereafter, on June 30, 2017, Plaintiff attempted to file his opposition to the FAC, despite the fact that the deadline had passed and the Court had already issued an order granting Defendant's motion to dismiss the FAC. (Doc. No. 34.) This opposition brief was rejected as a discrepancy for the foregoing reasons as well as based on the fact that Plaintiff's motion for relief from judgment had not yet been granted. (*Id.*) Plaintiff's motion for relief was then fully briefed with Defendant filing his opposition on July 5, 2017, (Doc. No. 36), and Plaintiff filing his reply on July 18, 2017. (Doc. No. 40). Curiously, before the Court issued an order on Plaintiff's motion for relief from judgment, on July 17, 2017, Plaintiff filed his second amended complaint ("SAC"). (Doc. No. 38.) Based on this filing, the Court found Plaintiff's motion for relief from judgment moot. (Doc. No. 39.)

On July 26, 2017, Defendant filed his third motion to dismiss. (Doc. No. 41.) On

---

[1] Any future reference to "Rule" will refer to the Federal Rules of Civil Procedure.

September 13, 2017, the Court granted the motion again finding that Plaintiff's operative complaint did not comply with Rule 8, and that it erroneously attempted to incorporate pleadings from the FAC, and failed to allege facts to support his Lanham Act claims. (*See generally* Doc. No. 46.) The Court granted this motion without leave to amend. (*Id*.) On September 25, 2017, Plaintiff filed the present motion, his motion for relief from the Court's order granting dismissal of his SAC. (Doc. No. 49.) Defendant opposes the motion. (Doc. No. 51.)

## LEGAL STANDARD

Pursuant to Rule 60(b), a court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." *Id*. at (c)(1).

## DISCUSSION

Presently, Plaintiff fashions his motion for relief from judgment based on reasons two and three stated above—newly discovered evidence and fraud. (Doc. No. 49 at 7.) Unfortunately, despite pointing to the correct and applicable law, Plaintiff's two contentions are based on nonexistent allegations, evidence, or facts to warrant Rule 60 relief.

The Court first notes that the majority of the arguments that Plaintiff presents in his

motion were already considered by the Court in the motions to dismiss filed by Defendant i.e. his allegations of cyberstalking, his right of privacy, and his purported protections under the Lanham Act for a trademark that he still has not proven to the Court he owns. (*See generally* Doc. No. 49.) To the extent that Plaintiff points to any new evidence that was not previously before the Court, Plaintiff wholly fails to make any showing that there exists new evidence that was previously unavailable. The Court notes that to prevail on the ground of newly discovered evidence, the movant must show that the evidence: "(1) existed at the time of the trial or proceeding at which the ruling now protested was entered; (2) could not have been discovered through due diligence; and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Marketquest Grp., Inc. v. Bic Corp.*, No. 11cv618 BAS (JLB), 2014 WL 3726610, at *5 (S.D. Cal. July 25, 2014) (citation omitted). Plaintiff's motion only argues that he should be granted relief from judgment as this litigation was dismissed pre-trial and Defendant allegedly suppressed material information relevant to the instant case. (Doc. No. 49 at 16.) This bare allegation does not warrant Rule 60(b) relief from the Court's September 13, 2017 order based on newly discovered evidence.

Similarly, Plaintiff's request for a new trial under Rule 60(b)(3) is also entirely unsupported. Plaintiff argues that he has "alleged Deceit by Defendant [] and material suppression [of Defendant's] true intentions regarding the Plaintiff, which each of [sic] constitutes fraud, misrepresentation and misconduct." (Doc. No. 49 a 16.) Unfortunately, for a judgment to be set aside for fraud on the court under Rule 60(b)(3), the moving party must show "clear and convincing evidence" establishing the fraud. *United States v. Estate of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011). In light of the clearly established case law, Plaintiff's fraud allegations falls far short of this standard.

The remainder of Plaintiff's motion seeks to re-plead the allegations in his complaint, provide irrelevant case law to the Court, and pick apart the Court's previous holdings. Equally unhelpful to the Court are the assorted contentions in Plaintiff's reply brief arguing that Defendant's opposition is an "ad hominen character attack on Plaintiff"

4

as well as providing the Court background on the various cases he has filed in the United States District Court and his vexatious litigant status in state court. (*See generally* Doc. No. 52.)

In sum, the Court recognizes and appreciates that Plaintiff identified two lawful reasons for why he should be granted relief under Rule 60. Unfortunately, simply stating the law and then failing to provide factual allegations or evidence to support his claims will not warrant the Court to relieve Plaintiff from its September 13, 2017 order granting Defendant's motion to dismiss Plaintiff's SAC without leave to amend.

## CONCLUSION

As explained more fully above, the Court **DENIES** Plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60.[2]

Dated: December 14, 2017

Hon. Anthony J. Battaglia
United States District Judge

---

[2] The Court notes that Defendant requests the Court subject Plaintiff to pre-filing requirements as a vexatious litigant. (Doc. No. 51 at 2.) However, finding that Plaintiff has not persistently and obsessively filed "groundless actions," *Bravo v. Ismaj*, 99 Cal. App. 4th 211, 221 (2002), that are "frivolous" and "harassing in nature," *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990), the Court declines to categorize Plaintiff as a vexatious litigant in this district court at this point in time.